IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP HAMBLY,

        Plaintiff,

vs.                                         CIVIL NO.  11-320 WJ/LFG

UNITED STATES POSTAL SERVICE,

        Defendant.

## **RECOMMENDATION OF DISMISSAL WITH PREJUDICE**[1]

THIS MATTER is before the Court *sua sponte*. The undersigned Magistrate Judge proposes dismissal of Phillip Hambly's ("Hambly") lawsuit with prejudice as a result of his failure to comply with D.N.M.LR-Civ. 83.6, his failure to respond to the Court's Order to Show Cause [Doc. 11], and his apparent abandonment of his lawsuit.

Hambly provided the Court with a mailing address at 730-A Camino Del Medio, Taos, New Mexico 87571. He never updated that information.

On June 13, 2011, an item of correspondence [Doc. 8] with first-class postage sent by the Court to Hambly at his listed address was returned as undeliverable [Doc. 9]. The District's local rule, D.N.M.LR-Civ. 83.6, requires that a litigant provide the Court with contact information, including a current mailing address. Hambly's failure to provide his current address is in violation of the district's local rule.

---

[1]After a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections to this recommendation are filed by **January 20, 2012**, no appellate review will be allowed.

On June 3, 2011, Defendant United States Postal Service filed a motion to dismiss [Doc. 7]. Hambly did not respond, nor did he request any extension of time from the Court within which to respond. On December 9, 2011, the Court directed Hambly to show cause why his complaint should not be dismissed, and he failed to respond.[2]

It appears that Hambly abandoned this litigation, and his violation of the district's local rule and the order of the Court justify the imposition of a sanction. However, before the sanction of dismissal is appropriate, the Court must consider the following factors under Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992): (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. No one factor is controlling and not all factors need be present. *See* Lee v. Max Intern., LLC, 638 F.3d 1318, 1323 (10th Cir. 2011) (observing that Ehrenhaus "factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always remain a discretionary function" and that not all of the Ehrenhaus factors need to be satisfied.)

### Prejudice to Opposing Party

In this case, Hambly failed to comply with D.N.M.LR-Civ. 83.6; he failed to file a response to a motion to dismiss; and by his failure to respond to Court orders and directives, has brought this lawsuit to a halt. The pendency of a lawsuit imposes costs and burdens on the opposing party. The mere pendency of a lawsuit imposes costs on a defendant; and, so too, Hambly's failure to respond

---

[2]Although Hambly may not have received the motion or the Court's order because he failed to update his address information, Hambly is responsible for proceeding with the lawsuit he initiated. He cannot abandon the lawsuit and expect the Court to take no action. This is particularly true since Hambly violated the local rule requiring litigants to update contact information.

to motions delays the disposition of the case, and, consequently, denies defendant a speedy disposition. Due to Hambly's failure to comply with the rules of procedure and the orders and directives of the Court, the Court concludes the United States Postal Service is prejudiced.

### Amount of Interference With the Judicial Process

The Court is required to comply with provisions under its own Civil Justice Expense and Delay Reduction Plan, promulgated pursuant to the Civil Justice Reform Act, 28 U.S.C. § 471, *et seq.* The Plan contemplates active judicial management of cases and disposition of litigation within specific target dates. Hambly's failure to update his contact information is a violation of the local rules and interferes with the Court's efficient and effective processing of this case. Moreover, the mere fact that the Court is now required to address Hambly's non-compliance by an order to show cause and recommendation demonstrates that more time and judicial resources have been devoted to this matter than would otherwise be necessary.

The Court determines that the judicial process has been adversely affected.

### Culpability of the Litigant

In this case, Hambly represents himself. Thus, all actions, errors and omissions fall squarely on his shoulders. A *pro se* litigant is required to follow all rules of practice and procedure applicable to all litigants and attorneys. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). It is Hambly who should suffer the consequences of his non-compliance.

### Warning of Dismissal as a Sanction

This express warning was given to Hambly in its Order to Show Cause when the Court stated, "The failure to respond to the Court's Order to Show Cause will result in a recommendation that the case be dismissed with prejudice. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992)." [Doc. 11].

### **Efficacy of a Lesser Sanction**

Here, a warning was given to Hambly concerning the consequences of his non-compliance and he ignored that warning. He was specifically advised that if he failed to respond, a recommendation to dismiss his case would be submitted to the trial judge. [Doc. 11]. That warning failed to prompt Hambly to act. The Court determines that a lesser sanction would be ineffective.

### **Recommendation**

The referral Magistrate Judge now recommends that Hambly's lawsuit be dismissed with prejudice for the reasons stated herein.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge